IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 14-cv-03201-RM-BNB

DRED DAWSON-PHILLIPS,

Plaintiff,

v.

STATE OF COLORADO,
RICK RAEMISCH,
ROGER WERHOLTZ,
TONY CAROCHI,
TOM CLEMENTS,
ARISTEDES ZAVARIS,
JOE ORTIZ, and
JOHN SUTHERS,

Defendants.

_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

_____

The plaintiff filed his Prisoner Complaint (the "Complaint") on November 25, 2014 [Doc. #1].  On December 5, 2014, the Clerk of the Court sent a request for waiver of service to defendant Joe Ortiz at the Colorado Department of Corrections ("DOC") [Doc. #10].  Teresa Reynolds, Legal Assistant for the DOC, did not waive and accept service for Mr. Ortiz because he no longer works for the DOC [Doc. #12], but she provided Mr. Ortiz' last known forwarding address [Doc. #14].

The Marshal was unable to serve Mr. Ortiz at the address provided because he does not reside there [Doc. #17].  Consequently, I ordered the plaintiff to show cause on or before January 16, 2015, why the Complaint should not be dismissed as against Mr. Ortiz for failure to prosecute [Doc. #18].  See D.C.COLO.LCivR 41.1.  I cautioned the plaintiff that failure to show

cause on or before January 16, 2015, would result in my recommendation that the action be dismissed, without prejudice, as against Mr. Ortiz for failure to prosecute. The plaintiff did not respond to the show cause order.

I respectfully RECOMMEND that the Complaint be dismissed without prejudice as against defendant Joe Ortiz.[1]

Dated February 3, 2015.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

---

[1]Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).