**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Raymond P. Moore**

Civil Action No.   14-cv-03201-RM-NYW

DRED DAWSON-PHILLIPS, and others similarly situated,

      Plaintiff,

v.

STATE OF COLORADO,
RICK RAEMISCH,
ROGER WERHOLTZ,
TONY CAROCHI,
TOM CLEMENTS,
ARISTEDES ZAVARIS,
JOE ORTIZ, and
JOHN SUTHERS,

      Defendants.

---

**ORDER**

---

This matter is before the Court on the Recommendation of United States Magistrate Judge ("Recommendation") (ECF No. 35) issued on March 25, 2015, to dismiss Plaintiff's case for failure to keep the court informed of his current address in violation of D.C.COLO.LCivR 11.1(d) and failure to prosecute pursuant to D.C.COLO.LCivR 41.1. For the reasons stated below, the Court has conducted a *de novo* review of the matter and, upon such review, accepts the Recommendation and dismisses this case.

## I.     BACKGROUND

Plaintiff, proceeding *pro se*, filed this action on November 25, 2014, challenging the Defendants' methodology or policy concerning the application of "good or earned time" credits to an inmate's release date. The Court file shows the following.

1. On December 18, 2014, the Magistrate Judge to whom this case was then referred[1] issued an Order to Show Cause as to why Defendant Joe Ortiz should not be dismissed for failure to prosecute.  (ECF No. 18.)  That order was returned as undeliverable, with the word "Gone" written on the returned envelope.  (ECF No. 21.);

2. On January 6, 2015, another Order to Show cause was issued, this time as to why Defendant Tony Carochi should not be dismissed for failure to prosecute, which order was also returned as undeliverable.  (ECF Nos. 23, 27.)  That returned order was marked "Discharged to History."  (ECF No. 27.);

3. By recommendations dated January 26, 2015 and February 3, 2015, the Magistrate Judge recommended that Defendants Carochi and Ortiz, respectively, be dismissed without prejudice for failure to prosecute.  (ECF Nos. 28, 30.)  Those recommendations were also returned as undeliverable, with handwritten notations of "Discharged to History."  (ECF Nos. 31, 34.); and

4. By Order dated March 2, 2015, this Court adopted the January 26,[2] and February 3, 2015, recommendations and dismissed Defendants Carochi and Ortiz.  (ECF No. 33.)

In addition to the two Orders to Show Cause discussed above, on February 3, 2015, a third Order to Show Cause was issued, this time based on Plaintiff's failure to keep the court informed of his current address and for failure to prosecute.  (ECF No. 29.)  Plaintiff was ordered to show cause by March 2, 2015, as to why his Complaint should not be dismissed, and

---

[1]On February 10, 2015, this case was reassigned to Magistrate Judge Nina Y. Wang upon her appointment.  (ECF No. 32.)
[2] The January 26, 2015, Recommendation was modified, but not on a matter relevant to the issue now before the Court.

was advised the failure to do so would result in the recommendation of dismissal of the entire

Complaint.  That order was also returned as undeliverable.  (ECF No. 34.)

When no response was received to the last Order to Show Cause (ECF No. 29), the

Magistrate Judge issued the Recommendation now before the Court.  That Recommendation,

however, did not inform Plaintiff of his right to object.

## II.  LEGAL STANDARDS

### A.    Review of the Magistrate Judge's Report and Recommendation

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule

of Civil Procedure 72(b)(3) requires that the district court judge "determine de novo any part of

the magistrate judge's [recommendation] that has been properly objected to."  In conducting its

review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive

further evidence; or return the matter to the magistrate judge with instructions."  Fed. R. Civ. P.

72(b)(3).  An objection is proper if it is filed timely in accordance with the Federal Rules of Civil

Procedure and specific enough to enable the "district judge to focus attention on those issues –

factual and legal – that are at the heart of the parties' dispute."  *United States v. 2121 E. 30th St.*,

73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)).  In the

absence of a timely and specific objection, "the district court may review a magistrate's report

under any standard it deems appropriate."  *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir.

1991) (citations omitted); *see also* Fed. R. Civ. P. 72 Advisory Committee's Note ("When no

timely objection is filed, the court need only satisfy itself that there is no clear error on the face

of the record in order to accept the recommendation.").

The Tenth Circuit has "adopted a firm waiver rule when a party fails to object to the

findings and recommendations of the magistrate."  *Moore v. United States*, 950 F.2d 656, 659

(10th Cir. 1991).   Under this rule, "the failure to make timely objection to the magistrate's findings or recommendations waives appellate review of both factual and legal questions."   *Id.* There are, however, two exceptions to the firm waiver rule: "when (1) a *pro se* litigant has not been informed of the time period for objecting and the consequences of failing to object, or when (2) the interests of justice require review."   *Duffield v. Jackson,* 545 F.3d 1234, 1237 (10th Cir. 2008) (internal quotation marks and citation omitted).

### B.      Pro Se Status

Plaintiff proceeds *pro se*.   The Court, therefore, reviews his pleadings and other filings liberally, and holds them to a less stringent standard than those drafted by attorneys.   *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *see also Trackwell v. United States Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citation omitted).   A court may not assume that a plaintiff can prove facts that have not been alleged or that a defendant has violated laws in ways that a plaintiff has not alleged.   *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *see Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (stating a court may not construct a legal theory on plaintiff's behalf) (citation omitted); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (stating a court may not construct arguments or theories for a party in the absence of any discussion of those issues) (citations omitted).   Plaintiff's *pro se* status does not entitle him to application of different civil procedure rules.   *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *Wells v. Krebs*, Case No. 10-cv-00023, 2010 WL 3521777, at *2 (D. Colo. Sept. 1, 2010) (citation omitted), *adopted in* 2010 WL 4449729 (D. Colo. Nov. 1, 2010).

### C.     Dismissals for Failure to Prosecute or Comply with Procedural Rules

"'A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules.'" *AdvantEdge Business Group v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009) (quoting *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002)).  "When dismissing a case without prejudice, a district court may, without abusing its discretion, enter such an order without attention to any particular procedures." *Id.* (internal quotation marks and citation omitted).  "A dismissal with prejudice, on the other hand, is a harsh remedy," and the district court should usually first consider the following non-exhaustive list of factors: "(1) the degree of actual prejudice to the other party; (2) the amount of interference with the judicial process; (3) the litigant's culpability; (4) whether the court warned the party in advance that dismissal would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Id.* at 1236 n.2 (internal quotation marks and citation omitted).[3]

### III.    ANALYSIS

In this case, the Magistrate Judge's Recommendation did not inform Plaintiff of his right to object and the consequences of that failure.  Thus, the firm waiver rule does not apply, *Moore,* 950 F.2d at 659, and the Court will conduct a *de novo* review to determine whether dismissal of Plaintiff's Complaint is warranted.

Pursuant to D.C.COLO.LAttyR 5(c), formerly D.C.COLO.LCivR 11.1(d),[4] an unrepresented party is required to file a notice of change of mailing address within five days after the change.  In this case, Plaintiff failed to do so, as evident from the continued return of

---

[3] Commonly referred to as the "*Ehrenhaus*" factors.  *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992).
[4] This Local Rule was changed effective December 1, 2014.  The Court finds that, in this instance, the Recommendation's inadvertent reference to the former Local Rule is immaterial to its determination in this matter.

mailings from the court to the only address Plaintiff provided.  Thus, the Court finds Plaintiff has failed to follow the Local Rules.

Similarly, Plaintiff has failed to prosecute his case with due diligence.  Pursuant to D.C.COLO.LCivR 41.1, an order to show cause may be issued as to why a case should not be dismissed for failure to prosecute or failure to comply with these rules.  Here, an Order to Show cause was issued on February 3, 2015, for failure to prosecute because Plaintiff failed to act after filing his case in November 2014, despite the issuance of previous orders to show cause as to specific defendants.  Plaintiff's failures to respond, along with his failure to provide the court with his current address, support a finding that he has failed to prosecute this case and the Complaint should be dismissed.  Further, an examination of the *Ehrenhaus* factors supports a dismissal with prejudice is appropriate.

First, Defendants have suffered significant actual prejudice by Plaintiff's apparent abandonment of this action, including their expenditure of resources to file a Motion to Dismiss. Second, Plaintiff has interfered with the judicial process by increasing the workload of the court and interfering with the administration of justice, as demonstrated by the orders which the court has had to issue to which Plaintiff has failed to respond.  Third, the court has expressly ordered Plaintiff to respond to more than one order, and to comply with his obligations under the Federal Rules of Civil Procedure and the court's Local Rules.  Plaintiff's failure to respond to any of the court's orders supports a finding that Plaintiff is culpable under the circumstances.  Fourth, the Recommendation warned Plaintiff in advance that the failure to keep the court informed of his current address and to prosecute would result in the recommendation that the Complaint be dismissed in its entirety.  Finally, with regard to the efficacy of lesser sanctions, the Court finds dismissal with prejudice is proper.  Plaintiff has failed to prosecute his case with due diligence,

has failed to comply with the Federal Rules of Civil Procedure and the Local Rules, and has failed to respond to the court's orders. Accordingly, the Court finds dismissal on the merits is warranted under the *Ehrenhaus* factors.

### IV.    CONCLUSION

Based on the foregoing, it is **ORDERED**

1.  That the Recommendation (ECF No. 35) of dismissal is hereby **ACCEPTED**;

2.  That Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**; and

3.  That the Clerk of the Court shall enter judgment in favor of Defendants and against Plaintiff.

DATED this 22nd day of April, 2015.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge